E-FILED
Thursday, 21 May, 2026  04:18:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZACHERY RILEY, | ) | |
| | ) | |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-20007-SLD-EIL-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent. | ) | |

ORDER

Before the Court is Defendant-Petitioner Zachery Riley's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 44. For the reasons that follow, the motion is DENIED as it is untimely.

**BACKGROUND**

In February 2018, Riley was charged in a three-count indictment: count one alleged that he possessed 50 grams or more of actual methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); count two alleged that he carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and count three alleged that he possessed a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Indictment 1–2, ECF No. 1. The Federal Public Defender's office was appointed to represent Riley. *See* Feb. 13, 2018 Min. Entry. The case was assigned to this Court in August 2018. *See* Aug. 20, 2018 Text Only Order Reassigning Case.

Riley pleaded guilty to counts one and three pursuant to a written agreement in October 2018. *See* Oct. 15, 2018 Min. Entry; Plea Agreement, ECF No. 16. His plea agreement included waivers of the right to appeal and collateral attack, though those waivers excluded claims of ineffective assistance of counsel. Plea Agreement ¶¶ 32–34. The Court sentenced Riley to 130

1

months of imprisonment in March 2019.  Mar. 1, 2019 Min. Entry; Judgment 1–2, ECF No. 30.

Count two was dismissed by the Government.  Mar. 1, 2019 Min. Entry.  Riley did not appeal.

In February 2025, Riley filed his motion to vacate.  He asserts that: 1) he is no longer a career offender and that his Fifth Amendment rights were violated; 2) that he received ineffective assistance of counsel because his counsel did not argue that the "knowingly" *mens rea* applied to the interstate commerce element of his § 922(g)(1) charge; 3) ineffective assistance of counsel because he was "coerced into taking a plea agreement for a gun that [he] was never caught with [and] drugs that never was [sic] found." Mot. Vacate 4–5.[1]  Riley included memoranda apparently expanding on grounds one and two which raise additional, sometimes different, arguments.  As to ground one, Riley argues that his conviction violates his rights under the Equal Protection Clause of the Fourteenth Amendment because 21 U.S.C. § 841 "makes arbit[r]ary classifications and irrationally treats his punishment more harshly than those found guilty of more serious offense[s]."  Ground One Mem. 1, ECF No. 44 at 8–10.  As to ground two, Riley argues that the Government failed to prove that he knew that the firearm or ammunition at issue in his case had an interstate nexus.  Ground Two Mem. 1, ECF No. 44 at 11–14.  There is no memorandum as to ground three.

The Government argues that Riley's motion is untimely, his claims are procedurally defaulted, Riley waived his right to bring his claims under the plea agreement, and the claims are meritless.  Resp. 4–5, ECF No. 45.[2]

---

[1] The Court uses the page numbers generated by CM/ECF for the motion to vacate because the internal pagination is inconsistent.

[2] The Court uses the page numbers generated by CM/ECF for the Government's response because the response is not paginated.

**DISCUSSION**

The Court need only address timeliness to resolve this motion.  A federal prisoner

seeking to vacate his sentence under § 2255 has one year to do so, from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United States
is removed, if the movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Riley's judgment was entered on March 7, 2019.  *See* Judgment 1.  His conviction

became final when his time to appeal passed on March 21, 2019.  *See Moshier v. United States*,

402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final

when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a

criminal defendant has fourteen days from the entry of judgment to appeal); *cf. Clay v. United

States*, 537 U.S. 522, 532 (2003) (holding that a conviction becomes final when the time for

seeking direct review expires).  His motion to vacate filed in February 2025 was filed far too late

to be considered timely under § 2255(f)(1).

Riley does not allege that there was a government-created impediment—something like

inability to access a library in prison, *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir.

2013)—to his filing a § 2255 motion, *see generally* Mot. Vacate, so his motion cannot be timely

under § 2255(f)(2).  He also does not rely on any facts that could not have been discovered

before his conviction became final, so his motion cannot be considered timely under § 2255(f)(4).

That leaves § 2255(f)(3), which provides that a § 2255 claim can be filed one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In his motion to vacate, Riley identifies new case law as the reason the one-year limitation from § 2255(f)(1) does not apply. *See* Mot. Vacate 4 ("Do [sic] to newly found case law going into effect retroactive I am entitled to relief."). But the new case law Riley relies on is *Rehaif v. United States*, 588 U.S. 225 (2019), which was decided on June 21, 2019. *See* Ground Two Mem. 4. As Riley's motion was filed more than one year after *Rehaif* was decided, his motion is not timely under § 2255(f)(3) either.

When a district court enters a final order adverse to a § 2255 applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the "court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court may grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate the correctness of the Court's ruling that Riley's motion is untimely. The Court therefore declines to issue a certificate of appealability.

4

**CONCLUSION**

Accordingly, Defendant-Petitioner Zachery Riley's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 44, is DENIED as it is untimely.  The Clerk is directed to enter judgment on the 28 U.S.C. § 2255 proceeding.

Entered this 21st day of May, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

5